IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 06-20176-01/02-JWL |
| ) | |
| GENE FRANKLIN and ) | |
| DONALD CHAPIN, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

On February 7, 2007, the court held a hearing in this tax fraud prosecution with regard to the joint motion of the defendants, Gene Franklin and Donald Chapin, for modification of their conditions of pretrial release **(doc. 19)**. Having considered the arguments presented by the defendants and by the plaintiff, United States of America, and the parties' various written submissions (docs. 20, 24, 26, 28, & 29), the instant motion is respectfully denied.

A grand jury returned a ten-count indictment in this case on December 7, 2006 (doc. 1). Count 1 charges that, in violation of 18 U.S.C. § 371, the defendants conspired to defraud the United States in the ascertainment, computation, assessment, or collection of federal income taxes, through the preparation of false or fraudulent income tax returns. The alleged conspiracy involved Renaissance, The Tax People, Inc. ("Renaissance"), a Nevada corporation headquartered in Topeka, Kansas, which operated a multi-level marketing company specializing in the sales and service of home-based business packages providing

certain tax strategies and tax services. The indictment alleges that Renaissance offered tax support to its members in the form of tax return preparation, tax advice, and so-called audit protection. Counts 2 through 6 charge defendant Franklin with aiding or assisting in the preparation or presentation of false or fraudulent income tax returns for specific Renaissance members, in violation of 26 U.S.C. § 7206(2); similarly, Counts 7 through 10 charge defendant Chapin with aiding or assisting in the preparation or presentation of false or fraudulent income tax returns for certain other Renaissance members.

As required by Fed. R. Crim. P. 5, the court held the initial appearance for both defendants on January 3, 2007. They were released on their own recognizance, that is, without being required to post any bond. However, for both defendants, the court imposed a few fairly unremarkable conditions of release, e.g., that they not commit any crimes prior to trial, that they keep the court and counsel informed of any change in address or telephone number, and that they appear where and when required for court hearings and for trial (*see* docs. 8 & 10). At issue here is the court's additional condition that, "[p]rior to preparing any tax return, defendant shall provide a copy of the Indictment in his case to the person or persons for whom he is preparing the tax returns."

Defendants seek modification of the above-described disclosure condition. They argue that the condition violates their constitutional right to the presumption of innocence, violates due process, is contrary to the requirements of the Bail Reform Act of 1984 (18 U.S.C. § 3141 et seq.), violates the Eighth Amendment's guarantee against excessive bail, and is prohibited by a provision of the Internal Revenue Code, specifically, 26 U.S.C. §

6103(b). The Government contends that the above-described condition is appropriate to reasonably assure the safety of the community under the Bail Reform Act, that it does not violate any of defendants' constitutional rights, and that it is not prohibited by 26 U.S.C. § 6103(b).

The court begins its analysis by reference to the Bail Reform Act. Pursuant to 18 U.S.C. § 3142(b),

> [t]he judicial officer shall order the pretrial release of the person on personal recognizance . . . subject to the condition that the person not commit a Federal, State, or local crime during the period of release . . . unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community.

Subsection (c)(1) of the statute provides:

> [i]f the judicial officer determines that the release described in subsection (b) of this section will not reasonably assure the appearance of the person as required or will endanger the safety of any other person in the community, such judicial officer shall order the pretrial release of the person
>    (A) subject to [the conditions stated in subsection (b)] and
>    (B) subject to the least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community, which may include the condition that the person–
>      . . .
>      (xiv) satisfy any other condition that is reasonably necessary to assure the appearance of the person as required and to assure the safety of any other person and the community. . ..

Defendants contend that the condition imposed does not accomplish the goals of the Bail Reform Act.  Specifically, defendants assert that advising business clients of criminal allegations will not assure defendants' appearance at trial or the safety of the community.[1]  Instead, defendants argue, it will merely serve to destroy their tax return preparation business.

Defendants further claim that the condition imposed is impermissibly unrelated to the nature and seriousness of the alleged crime because the business activity on which the indictment is based has not existed since 2001 at the latest.  In this regard, defendants assert in their papers that Renaissance has not solicited any "memberships" since October 25, 2000 (the date on which the state of Kansas obtained a temporary restraining order against continued business operations), and that the state obtained a permanent injunction against Renaissance doing any business on May 15, 2001 (*see* doc. 20 at 1).  During the February 7, 2007-hearing, the prosecution acknowledged that defendants were not presently under investigation for any returns prepared since 2001.

The parties seem to agree that Renaissance is completely out of business.  And there is no evidence in the record that either of the defendants are continuing to use any of Renaissance's allegedly fraudulent tax strategies on behalf of their current clients.  But that does not end the court's inquiry.  As explained in more detail below, the court finds that the

---

[1] Although without objection defendants were required to surrender their passports as a condition of release at their initial appearance, the case at bar really presents no flight risk issues.  That is, the Government's papers reflect that the disclosure condition now at issue is solely related to addressing community safety (*see* doc. 24 at 6).

condition that has been imposed is appropriate under the Bail Reform Act as a narrowly tailored attempt to reasonably assure the financial safety of defendants' current and prospective tax preparation clients.

There can be no serious doubt that, in terms of marketing and practice development, requiring an accountant to disclose to his clients that he is under federal indictment for tax fraud would cause *some* loss of clients, even if the clients are told that the charge is denied and provided other pertinent background information. Therefore, the court does not hesitate to take judicial notice under Fed. R. Evid. 201(b)(1) that the condition in question will have a negative impact on defendants while this case is pending. This seems especially apparent in light of the fact that April 15th is fast approaching and defendants are in the midst of "tax season." But significantly, the record in this case is devoid of any evidence concerning how much impact this condition has had or will have on Messrs. Franklin and Chapin's tax return preparation practices. No affidavits were submitted and no testimony was provided, by defendants or anyone else. Therefore, it would be speculative for the court to infer, as defendants have suggested, that the subject disclosure condition will constitute the financial death knell of defendants' tax practices.

The court, of course, is sensitive to defendants' stated concerns regarding their constitutional rights, specifically, the presumption of innocence, due process, and the prohibition of excessive bail. Nonetheless, the court finds that the condition that has been imposed pursuant to the Bail Reform Act comports with these constitutional safeguards. Notably, 18 U.S.C. § 3142(j) provides that "[n]othing in this section [of the Bail Reform Act]

shall be construed as modifying or limiting the presumption of innocence." Thus, it is clear that the grant of authority to courts to release persons charged with an offense subject to conditions is not, as a matter of law, *any* limitation on the presumption of innocence. The court most definitely has not imposed its condition of release on defendants because it presumes defendants are guilty. Rather, the court has imposed the condition as a reasonable means to assure safety of the community, as specifically contemplated by the Bail Reform Act.

Likewise, the court is unpersuaded that the imposition of this condition violates due process or the Eighth Amendment. Defendants claim that requiring them to provide their clients with a copy of the indictment would serve to deprive them of their livelihood without due process of law. Even assuming for the sake of discussion that the imposition of the condition at issue constitutes a deprivation of a liberty or property interest (an issue the court need not decide here), the court finds that defendants' initial appearance hearing, and the hearing on the instant motion, has afforded defendants sufficient notice and opportunity to be heard. Further, the court finds, at least based on the record presented, that the Government's regulatory interest in community safety outweighs any interest of defendants in the unfettered operation of their tax preparation business.[2] The court finds that the

---

[2] *See, e.g., United States v. Salerno*, 481 U.S. 739, 748 (1987) ("We have repeatedly held that the Government's regulatory interest in community safety can, in appropriate circumstances, outweigh an individual's liberty interest."). While *Salerno* involved pretrial detention of defendants allegedly involved in organized crime, the court finds the general principles regarding defendants' constitutional rights versus the Government's interest in
(continued...)

condition of release is not unfair or excessive in light of the potential harm to defendants' clients.

During the hearing on the instant motion, defendants cited *Mallas v. United States*, 993 F.2d 1111 (4th Cir. 1993), for the proposition that, under 26 U.S.C. § 6103(b), the Internal Revenue Service ("IRS") is prohibited from disclosing defendants' indictment to the public. Thus, defendants posit, it is unreasonable to require them to do what the IRS itself cannot. In this regard, the court notes that much of defendants' argument in their supplemental briefs is focused on their contention that the IRS made unauthorized disclosures during the investigation of this case. Of course, though, whether this factual contention is true or false (and the court makes no finding in this regard), the propriety of the IRS' investigation of this case simply is *not* before the court at this time.

Pursuant to 26 U.S.C. § 6103(a), tax returns and return information are deemed confidential and may not be disclosed by officers and employees of the United States, except as authorized by other sections. Subsection (b) broadly defines the term "return information" to include information as to whether a taxpayer's return is subject to investigation. Subsections (c) - (o) set forth the various conditions in which return information may be disclosed. Although these provisions do restrict the circumstances under which officers and employees of the United States may disclose the fact that a taxpayer is under investigation,

---

[2](...continued)
assuring the safety of the community applicable here where conditions have been imposed on defendants' pretrial release.

the court finds that defendants' contention that by extension they may not (or at least should not) be required to show a copy of the indictment to their clients is untenable. That is, this amounts to comparing apples to oranges. More directly, whether officers and employees of the United States may disclose a taxpayer's return information is a totally separate issue from whether the court may or should require defendants to disclose to their clients the fact that they have been indicted for tax fraud.

For essentially the same reason, defendants' reliance on *Mallas* is misplaced. In that case, the issue before the Fourth Circuit was whether the IRS violated section 6103 by disseminating reports to tax shelter investors without mentioning the reversal of the taxpayers' convictions.[3] That situation is distinguishable from the issue now before this court, which simply involves whether the imposed condition of release is appropriate.

Defendants also cite *Snider v. United States*, 468 F.3d 500 (8th Cir. 2006), for the proposition that the IRS is prohibited from disclosing the indictment. In that case, the Eighth Circuit was dealing with the issue of whether the Government violated section 6103 during an investigation, not whether the court could impose a certain condition of release.

The court, therefore, is unpersuaded that defendants may not be required to show their tax preparation clients a copy of the indictment just because section 6103 prohibits the IRS from doing so in certain circumstances. During the hearing on this motion, defense counsel candidly conceded that, viewed from the taxpayer's perspective, the fact that his accountant

---

[3] 993 F.2d at 1114.

is under indictment for tax fraud in connection with the preparation of other returns would be material to deciding whether to have that accountant prepare a tax return. Despite the presumption of innocence, it seems only fair and reasonable that the tax preparation client should be allowed to have access to this sort of information, especially since the client is generally still "on the hook" for a fraudulent tax return even though it is prepared by an accountant or other professional tax preparer. *See*, *e.g.*, *Estate of Dowlin v. IRS*, 1994 WL 151318, at *17 (U.S. Tax Ct., Apr. 28, 1994).

During the hearing, defense counsel also indicated that, aside from any requirement that the court may purport to require, common law imposes no duty upon an accountant (even a certified public accountant such as defendant Chapin), to disclose the fact of a pending indictment to his tax preparation clients. The Government has not disputed this legal assertion. Nevertheless, because as earlier indicted it is uncontroverted that this information would be material to the client's decision to continue to do business with the accountant, and because the client could potentially be exposed to both civil and criminal penalties if his return were prepared fraudulently by that accountant, it does not seem unreasonable to the court to require disclosure of the indictment.

For example, before going "under the knife" for surgery, a patient reasonably would expect to be made aware of the fact that his surgeon was under indictment for Medicare fraud on account of having performed unnecessary surgeries. And likewise, a corporate employer would seem to be reasonably entitled to be informed that a prospective employee in its accounts payable department was under indictment and awaiting trial on conditions of release

in a case involving wire fraud and financial defalcation from a previous employer. In contrast, had the defendant accountants in the case at bar been indicted for something wholly unrelated to accounting, such as trafficking in narcotics or child pornography, nothing useful would be served by requiring disclosure of the indictment to their tax preparation clients.

Of course, the term "safety of the community" as used in the Bail Reform Act, includes the danger that the defendant *might* engage in criminal activity to the detriment of the community; it is not limited to physical safety of individuals. *See United States v. Cook*, 880 F.2d 1158, 1161 (10th Cir. 1989). Here, the court believes that the disclosure condition it has imposed on the defendants is narrowly drawn and reasonably tailored to address a specific danger to the community.

In consideration of the foregoing,

IT IS HEREBY ORDERED that defendants' motion to modify conditions of release **(doc. 19)** is denied. However, on the court's initiative, paragraph 7(v) in each of the orders setting defendants' conditions of release is amended as follows:

> Prior to preparing any tax return, defendant shall provide a copy of the indictment in this case to the person or persons for whom he is preparing the tax returns. Defendant may also inform such clients, in writing, that defendant denies the charges in the indictment; that the charges are being defended and contested by defendant in court; that defendant is constitutionally presumed innocent unless and until he is proven guilty; that a trial has not yet been held, and thus no court finding has been made concerning defendant's guilt or innocence; and, according to the federal prosecutor, defendant is not under indictment (or even investigation) for any tax returns prepared after 2001.

```
```

Dated this 13th day of February, 2007, at Kansas City, Kansas.

 s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge