# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

**UNITED STATES OF AMERICA**

      **Plaintiff,**

**v.**                                                                 **Case No. 06-20176-JWL**

**GENE FRANKLIN and**
**DONALD CHAPIN,**

      **Defendants.**

## <u>MEMORANDUM AND ORDER</u>

This case involves a ten count indictment in which defendants Gene Franklin and Donald Chapin are charged with conspiracy to defraud the United States. Additionally, both defendants are charged with multiple counts of aiding in the preparation of false or fraudulent tax returns. This matter is currently before the court on the defendants' joint motion for a bill of particulars (doc. 37) and Mr. Chapin's motion for severance of parties (doc. 43). On July 2, 2007, the court held a hearing regarding these motions and is now prepared to rule on them. For the reasons explained below, both motions are denied.

At all times relevant to this case, Mr. Franklin operated Franklin & Company, Inc. in Kansas and Missouri, a business which specialized in preparing tax returns. Mr. Chapin, a CPA, prepared tax returns for Franklin & Company as well. The charges in this case stem from tax returns prepared by the defendants from approximately 1999 through 2001. Additionally, the

indictment contains information regarding Renaissance, The Tax People, Inc. ("Renaissance"), a Nevada corporation headquartered in Topeka, Kansas. Renaissance was a multi-level marketing company which purportedly specialized in the sales and service of home-based business packages involving tax strategies and tax services. The indictment describes how Renaissance conducted business and defines certain terms relevant to that business. It also sets forth Mr. Franklin's affiliation with Renaissance.

## I.      Motion for Bill of Particulars

Rule 7(f) of the Federal Rules of Criminal Procedure allows a court to issue a bill of particulars at its discretion. Fed. R. Crim. P. 7(f). The bill of particulars is designed to "inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense." *United States v. Ivy*, 83 F.3d 1266, 1281 (10th Cir. 1996)(citing *United States v. Levine*, 983 F.2d 165, 166-67 (10th Cir. 1992)). The court's main concern when reviewing such a motion is whether the defendant has: (1) a meaningful opportunity to prepare his or her defense, (2) assurances against unfair surprise to the defendant at trial, and (3) protection from double jeopardy dangers. *United States v. Gabriel*, 715 F.2d 1447, 1449 (10th Cir. 1983). The purpose of a bill of particulars is not to obtain discovery, evidentiary detail of the government's case, or information regarding the government's legal theories. *United States v. Anderson*, 31 F. Supp. 2d 933, 938 (D. Kan. 1998).

In their joint motion for a bill of particulars, the defendants focus on the portions of the indictment contained in Count 1 which refer to Renaissance. Specifically, the defendants request that the court order the government to disclose whether it intends to produce evidence regarding

2

the defendants' involvement with Renaissance.   The defendants appear to be concerned with the references to Renaissance because Renaissance's founder, Michael Cooper, has been indicted in another case for conspiring to defraud the government through his alleged operation of Renaissance as a tax fraud and pyramid scheme.  *See United States v. Cooper*, 04-20105 (D. Kan. filed Aug. 13, 2004).

At the hearing held concerning this motion, the government made it clear that it only intended to produce evidence regarding Renaissance as background information to explain the methods utilized by the defendants in preparing income tax returns.  The government further estimated that the trial would last approximately three weeks but that the evidence concerning Renaissance would only require one day.  Moreover, the government has indicated it does not intend to produce any evidence of wire or mail fraud; such charges are commonly associated with pyramid schemes but are not charged in this case.

The grant or denial of a defendant's request for a bill of particulars rests within the court's sound discretion.  *United States v. Levine*, 983 F.2d 165, 166-67 (10th Cir. 1992); *United States v. Wright*, 826 F.2d 938, 942 (10th Cir. 1987).  In this case, the indictment is extremely detailed. It sets forth the applicable statute, 18 U.S.C. § 371, includes specific dates and locations of the alleged illegal activity, and references the objects of the alleged conspiracy.  Moreover, the indictment sets forth the manner and means allegedly utilized by the defendants as well as the specific overt acts allegedly committed in furtherance of the conspiracy.  In light of the level of detail contained in the indictment, the court finds that the indictment provides the defendants with sufficient information to adequately prepare their defense, avoid surprise, and plead double

jeopardy in the event of a later prosecution for the same offense.  Furthermore, the court finds that the government assuaged any concerns the defendants may have had regarding their involvement with Renaissance by assuring the defendants and the court that it only intends to introduce limited evidence about the defendants' involvement with Renaissance.  Accordingly, the defendants' motion for a bill of particulars is denied.

## II.    Motion for Severance of Parties

In a conspiracy case, like the one involved here, there is a preference that defendants charged together be tried together.  *United States v.  Small*, 423 F.3d 1164, 1181 (10th Cir. 2005)(citing *United States v. Hack*, 782 F.2d 862, 870 (10th Cir. 1986)).  *See also United States v. Iiland*, 254 F.3d 1264, 1270-71 (10th Cir. 2001)(citing *United States v. Edwards*, 69 F.3d 419, 434 (10th Cir. 1995)).  "'In deciding on a motion for severance, the district court has a duty to weigh the prejudice resulting from a joint trial of co-defendants against the expense and inconvenience of separate trials.'" *Small*, 423 F.3d at  (quoting *Hack*, 782 F.2d at 870).  To show prejudice, Mr. Chapin must establish that "there is a serious risk that a joint trial would compromise a specific trial right, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993).

In support of his motion to sever his trial from Mr. Franklin's, Mr. Chapin expresses concern that the government intends to introduce extensive evidence showing that Renaissance was an illegal pyramid scheme that sought to defraud the government.  Because Mr. Chapin was never involved or affiliated with Renaissance, he argues that the introduction of evidence regarding Mr. Franklin's involvement with Renaissance would be prejudicial to him.  In other

words, Mr. Chapin argues that because the evidence against Mr. Franklin is stronger than the evidence against him, the introduction of that evidence could potentially have a "spillover effect" on Mr. Chapin.  However, "[n]either a mere allegation that defendant would have a better chance of acquittal in a separate trial, nor a complaint of the 'spillover effect' from the evidence that was overwhelming or more damaging against the co-defendant than that against the moving party is sufficient to warrant severance."  *Small*, 423 F.3d at 1182 (quoting *Hack*, 782 F.2s at 870). *See also Iiland*, 254 F.3d at 1270.

Although this case has been designated as complex, it only involves two actors; thus, the court finds that complexity and confusion of defendants and evidence is not a concern.  *See Zafiro*, 506 U.S. at 539 (noting that the risk of prejudice may be heightened when many defendants are tried together in a complex case).  Furthermore, Mr. Chapin has not shown the court that his degree of culpability is so "markedly different" from Mr. Franklin's that severance is warranted.  *See id* (noting that the risk of prejudice may also be heightened when defendants have "markedly different degrees of culpability").  Moreover, Mr. Chapin has not sustained his burden of establishing prejudice because he has not shown the court there is a serious risk that a specific trial right will be compromised or that the jury will be prevented from making a reliable judgment.  *See id*.  Therefore, the court concludes that Mr. Chapin has failed to show any risk of prejudice that outweighs the expense and inconvenience of separate trials.  *See Small*, 423 F.3d at 1181.  Accordingly, Mr. Chapin's motion is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that the defendants' joint motion for a bill of particulars (doc. 37) and Mr. Chapin's motion for severance of parties (doc. 43) are denied.

**IT IS SO ORDERED.**

Dated this 24th day of July, 2007.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

6